**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HOWARD AND DIAN DUNCAN,** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-CV-00022** |
| | § | **JURY** |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

**I.    PROCEDURAL BACKGROUND**

1.    On December 2, 2020, Plaintiffs Howard Duncan and Dian Duncan ("Duncan" or "Plaintiffs") filed their Original Petition in a case styled *Howard and Dian Duncan v. GeoVera Specialty Insurance Company;* Cause No. 1162088, pending in the County Civil Court at Law Number 3 for Harris County, Texas.

2.    GeoVera received a copy of the Plaintiffs' Original Petition on or about December 17, 2020.

3.    GeoVera files this notice of removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

8852938v1
08917.484

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**    The state court's Docket Sheet;

- **Exhibit 2:**    Plaintiffs' Original Petition;

- **Exhibit 3:**    Citation for Defendant GeoVera Specialty Insurance Company;

- **Exhibit 4:**    Defendant GeoVera Specialty Insurance Company's Original Answer to Plaintiffs' Original Petition;

- **Exhibit 5:**    Insurance Declarations Page for Policy GH70025485.

- **Exhibit 6:**    List of Parties and Counsel; and

## II.      BASES FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiffs and Defendant GeoVera are diverse.**

7.      **Plaintiff,** Howard Duncan is an individual residing in the State of Texas.

8.      **Plaintiff,** Dian Duncan is an individual residing in the State of Texas.

9.      **Defendant,** GeoVera Specialty Insurance Company, is organized under the laws of the State of Delaware and maintains its principal place of business in Fairfield, California. GeoVera is authorized to transact business and has transacted business in Texas. GeoVera is therefore not a citizen of the State of Texas for diversity purposes.

10.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiffs and GeoVera.

8852938v1
08917.484

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

11.     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

12.     This is a civil action in which the claim for relief Paragraph 6 of Plaintiffs' petition indicates Plaintiffs seek "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Plaintiffs allege that defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and defendant wrongfully adjusted and underpaid Plaintiffs' claim. *See Exhibit 5, Insurance Dec Page for subject property reflecting dwelling limits of $185,000 and other structures limits of $18,500.* This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

8852938v1
08917.484

13.     A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

14.     Since the Plaintiffs requested attorney's fees, court costs, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that Plaintiff's damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

15.     GeoVera has shown by the preponderance of the evidence that Plaintiffs' amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

8852938v1
08917.484

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

16.     GeoVera received service of this lawsuit December 17, 2020.  Thus, GeoVera is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

17.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

18.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

19.     Promptly after GeoVera files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

20.     Promptly after GeoVera files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

### IV.   CONCLUSION

21.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

8852938v1
08917.484

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Rhonda J. Thompson*

     **Rhonda J. Thompson,** *Attorney-in-Charge*
     State Bar No. 24029862
     700 N. Pearl Street, 25th Floor
     Dallas, Texas  75201
     Telephone: (214) 871-8200
     Facsimile: (214) 871-8209
     *Email:*  rthompson@thompsoncoe.com

     and

OF COUNSEL:

**Susan Sparks Usery**
State Bar No. 18880100
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas  77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email: susery@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**GEOVERA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 5th day of January, 2021, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

     Eric B. Dick
     DICK LAW FIRM, PLLC
     3701 Brookwoods Drive
     Houston, Texas 77092
     eric@dicklawfirm.com
     *Attorney for Plaintiffs*

                    */s/ Rhonda J. Thompson*
                    Rhonda J. Thompson

6